Sharp v. Davis.

## SHARP v. DAVIS.

BILLS AND NOTES. *Usury. Contracts for the loan of money made in Tennessee to take effect in other States. Interest.* Facts: D., a citizen of Mississippi, had money on deposit with a firm in Tennessee, who paid him 10 per cent. for its use; afterwards, H., a citizen of this State, borrowed the money of D., giving his note, due twelve months after date, payable to D., at his home in Mississippi, with 10 per cent. per annum after maturity. After this a note in renewal was executed in like form, due ten years after date, with 10 per cent. interest from date. It is charged that the note was made payable in Mississippi, where 10 per cent. is legal, to evade the usury laws of Tennessee. *Held*,

1. SAME. *Same.* The note being payable on its face in Mississippi, and the law of that State authorizing 10 per cent, it was not usurious on its face.

   Cases cited: Murphy v. The State, 3 Head, 250; Bolton v. Street, 3 Col., 31; Parham v. Pulliam, 5 Col., 497.

2. SAME. *Same.* That the facts in the case constitute a Mississippi contract, and enforcible in accordance with the laws of that State by the courts of Tennessee.

3. SAME. *Same. Arguendo.* The fact that part of the money borrowed by H. consisted of the usury paid by the firm cannot be set up as usury by him in defense to D's collection of his note to that extent.

---

FROM SHELBY.

---

Appeal from the Chancery Court.

No counsel marked.

FREEMAN, J., delivered the opinion of the court.

This bill is filed for a discovery of any money alleged to exist on a note given by H. C. Horton, with complainant and others as sureties on the same.

Without going into a detailed statement of the facts, we may state, in short, that Davis, who is a blind Methodist preacher, in April, 1859, had the sum of $,995 on deposit with the house of C. M. Horton & Co., which firm had been changed about this time, however, Horton, Estes & Co. taking their place, one partner having died; that H. C. Horton, an aged Methodist preacher and friend, desired to borrow this money, which was agreed to by Davis. Davis was a citizen of the State of Mississippi, having his home in Tippah county, with his mother, at a place called "Mountain Home."

By the law of Mississippi the rate of interest on loaned money, it is admitted, may be ten per cent. It was clearly and distinctly agreed and understood by the maker of the note and Davis that this was to be made a Mississippi transaction, as they expressed it, and to bear interest according to the law of that State. To effectuate this purpose a note was drawn, due twelve months after date, payable to defendant "L. H. Davis, or order, at his mountain home, Tippah county, Mississippi, with ten per cent. per annum after maturity."

After this a note in renewal was executed, dated January 23d, 1862, in like form, due ten years after date," with ten per cent. interest from this date.

It is now alleged by Sharp, the security, that this note is usurious, because made to evade the usury laws of the State of Tennessee, and this is the main question in the case.

It is clear that, the note being payable in Missis-

sippi on its face, and the law of that State authoriz-
ing ten per cent. interest on money loaned, the note
is not usurious on its face.     See 3 Head, 250; 3
Cold., 31.     Cases cited, 5 Cold., 497 to 501.

The only question then is, was this note made pay-
able in Mississippi in order to evade the usury laws
of Tennessee.

This is a question of fact, to be determined, like
any other fact, from the evidence in the record.

It is alleged in the bill that such was the purpose.
The defendant is called on to answer specifically this
allegation under oath.     This makes his answer equiva-
lent to one witness and corroborating circumstances, or
two witnesses contravening it.     He answers and ex-
pressly denies such purpose.     His deposition is taken,
and he sustains his answer when subjected to the test
of a cross-examination.     The note on its face contains
the contract of the parties in plain terms to pay in
Mississippi.     His answer and testimony compared with
the expressed purpose of the parties in the writing.
The defendant is examined as a witness, who proves
facts tending to show his view of the case to be
correct.     Still, on this state of the case, the prepon-
derance would be decidedly in favor of defendant.
Here the case might rest, but, in addition, we have
the fact that Davis had his home in Mississippi; that
he kept his papers there, this note amongst others;
that the parties have deliberately contracted that the
note should be payable in that State, and at the place
specified, and deny all purpose to contract otherwise
than as written.     Besides, we take it, Davis was bound

by this contract, so that, if a tender had been made at the place of payment on the day the note fell due, and the party had not been present to receive the money, or did not leave the note there, it would have been so far a performance or compliance with the contract as to stop interest from the time.

If all this be so, we think it cannot be questioned that it is a contract payable in Mississippi, and the payors are in no condition to deny such to be the fact, unless they can show, that notwithstanding this, there was an agreement and understanding between the parties different from the one on the face of the note, that is, that it was understood and agreed it should be paid in Tennessee, which they have failed to do.

The Chancellor, however, held that there was usury in the note to the amount above six per cent. per annum, paid as interest by C. M. Horton & Co., between the date of the deposit of the money and its loan to H. C. Horton.

It does appear that this firm did allow Davis interest at the rate of ten per cent. per annum on this deposit for the period it was on deposit with the firm. But this is a matter having nothing to do with this case. The firm might have refused to pay it, or if they had given a note for it, might have resisted payment of the usury; but having paid it, the fact that the money received has been loaned to another party cannot be set up by that third party when sued on his note for the loaned money.

These are all the questions we deem necessary to discuss in this case. The result is, the Chancellor's

decree will be modified in accordance with this opinion, and decree entered here, it being an enforcement of a contract in accordance with the law of Mississippi, when payable interest will be decreed at ten per cent. until paid.

The costs of this and court below will be paid by complainant.

TURNEY, J., dissented as follows:

I think the facts make a Tennessee contract. I do not concur in the opinion.